Filed 5/4/22  P. v. Shields CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KYLE RAY SHIELDS,<br><br>        Defendant and Appellant. | A162663<br><br>(Contra Costa County<br>Super. Ct. Nos. 1-195001-3;<br>1-195176-3; 1-195558-2) |

Kyle Shields appeals from an order finding him incompetent to stand trial and committing him to the State Department of State Hospitals (DSH) under Penal Code section 1370.[1]  Shields's appointed counsel filed a brief that raises no issue for appeal and asks this court to conduct an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We conclude that *Wende* review is not required here and that the issues Shields raises in a pro se supplemental brief lack merit.  We therefore affirm.

## BACKGROUND

In January 2021, the People charged Shields with second degree robbery (§ 211) and giving false information to a peace officer (§ 148.9, subd.

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

1

(a)). At that time, Shields also had pending charges in two separate cases for arson of a structure or forest (§ 451, subd. (c)) and assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4)), with an enhancement for having inflicted great bodily injury upon another person (§ 12022.7, subd. (a)).

Within the next couple of months, the court declared a doubt as to Shields's mental competence in all three pending criminal matters. The court suspended criminal proceedings and, pursuant to section 1369, subdivision (a), designated two mental health professionals to evaluate Shields's "mental disorder, if any, [and his] ability or inability to understand the nature of the criminal proceedings or assist counsel in the conduct of a defense in a rational manner as a result of a mental disorder." The parties stipulated that the court could decide the issue of Shields's mental competency based solely upon the reports of the two mental health professionals, Dr. Justine M. Schmollinger, Ph.D., J.D., and Dr. Alexis Smith-Baumann, Psy.D.

Dr. Schmollinger and Dr. Smith-Baumann submitted their reports to the court in March 2021.[2] At the competency hearing later that month, the court found that Shields was incompetent to stand trial based on those reports, and it referred the matter to Contra Costa County Department of Mental Health's conditional release program (CONREP) for a placement evaluation.

In April 2021, pursuant to the CONREP report, the court ordered Shields committed to the DSH for a maximum term of two years. Shields appeals from that order and the trial court's finding of incompetency.

---

[2] The reports of Dr. Schmollinger and Dr. Smith-Baumann have been filed under seal as confidential information. (See Cal. Rules of Court, rule 8.47(c).) Accordingly, we will not divulge the contents of those reports.

## DISCUSSION

## I.    *Wende* Review Does Not Apply to this Appeal

*Wende* requires an appellate court independently to review the record in an indigent criminal defendant's first appeal as a matter of right if appointed counsel represents that he or she has found no arguable issues. (*Conservatorship of Ben C.* (2007) 40 Cal.4th 529, 535 (*Ben C.*).) But as Shields's appointed counsel acknowledges, a defendant is not entitled to *Wende* review in incompetency commitment proceedings. A different panel of this court held in *People v. Blanchard* (2019) 43 Cal.App.5th 1020 (*Blanchard*) that an appeal from a finding of mental incompetency and an order for commitment is not a criminal defendant's first appeal as a matter of right, and that due process does not otherwise require independent review in commitment proceedings. (*Id.* at pp. 1024–1025.)[3]

*Blanchard* relied on the Supreme Court's decision in *Ben C., supra,* 40 Cal.4th 529, which held that *Wende* review does not apply to civil commitments under the Lanterman-Petris-Short Act (Welf. & Inst. Code, § 5000 et seq.). (*Blanchard, supra,* 43 Cal.App.5th at p. 1025.) In appeals from incompetency commitment orders, appointed counsel should follow the process identified in *Ben C.* by filing a brief setting forth the relevant facts and law and informing the court that he or she has found no arguable issue to be pursued on appeal. Such a brief provides an adequate basis for dismissal. (*Blanchard,* at pp. 1025–1026.)

---

[3] Appointed counsel urges us to reconsider our opinion in *Blanchard.* We decline to do so. Counsel's argument for reconsideration is unsupported by legal authority.

Appointed counsel in this case has complied with the procedure set forth in *Ben C.* by filing a brief setting out the applicable facts and law and indicating he found no arguable issues to be pursued on appeal. He also has stated that he apprised Shields of his right to file a supplemental brief.

We would dismiss the appeal in accordance with *Ben C.* and *Blanchard* except that Shields has filed a supplemental brief that raises issues with the trial court's mental incompetency determination. An appellate court must address the specific contentions raised in a defendant's supplemental brief in a *Wende* case and explain why they fail if they lack merit. (*People v. Freeman* (2021) 61 Cal.App.5th 126, 134.) We do so here.

## II. Shields's Supplemental Brief Provides No Basis for Reversal

In support of his argument that he is not mentally incompetent, Shields's supplemental brief identifies several issues regarding the sufficiency of the evidence supporting the trial court's incompetency determination. None of the contentions he raises is grounds for reversal.

A defendant is mentally incompetent if, because of a mental health or developmental disorder, he or she is unable to understand the nature of the criminal proceedings or to rationally assist counsel in the defense. (§ 1367, subd. (a).) An appellate court must uphold a trial court's incompetency determination if it is supported by substantial evidence, viewing the evidence in the light most favorable to that determination. (*People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1514.) "Evidence is substantial if it is reasonable, credible, and of solid value." (*People v. Marshall* (1997) 15 Cal.4th 1, 31.)

In this case, the reports of Dr. Schmollinger and Dr. Smith-Baumann constitute substantial evidence of Shields's mental incompetency. The trial court appointed them under section 1369, subdivision (a), as the examining psychiatrists or licensed psychologists, and they have stated their opinions

4

regarding Shields's mental competency with particularity based on a review of the relevant evidence and an examination of Shields. Thus, their reports satisfy the substantial evidence test as reasonable and credible evidence. (*People v. Marshall*, *supra*, 15 Cal.4th at p. 31.)

Shields fails to show that the trial court erred in finding him mentally incompetent based on those reports. First, he challenges as inaccurate some of the factual assertions made by Dr. Schmollinger and Dr. Smith-Baumann and the evidence they reviewed in forming their opinions, and he also argues that they failed to account for certain evidence. However, he does not cite to the record as support for those contentions, and, in any case, our review of the record does not reveal support for those contentions.

Next, he attempts to show that he can understand the nature of the criminal proceedings against himself and assist counsel in his defense. But we cannot reweigh evidence or reevaluate credibility. (*People v. Albillar* (2010) 51 Cal.4th 47, 60.)

Shields also points out that there is no physical evidence of a mental disorder in this case. However, evidence of incompetence may include mental evaluations and other non-physical evidence. (*In re Sims* (2021) 67 Cal.App.5th 762, 781–782.) It is not error for the court to determine mental competency based solely on the reports of the court-appointed psychiatrists where, as here, the parties so stipulate. (*People v. Weaver* (2001) 26 Cal.4th 876, 903–905.)

Finally, Shields contends that Dr. Schmollinger and Dr. Smith-Baumann did not inform him that they would disclose to the court information he provided them. But again, the record does not reveal any support for his contention.

Even if we assume without deciding that Shields's contentions have merit, he does not explain how he was prejudiced by those errors. Some of the errors he identifies are inconsequential to a mental incompetency determination. His other contentions, even if true, do not necessarily show that the trial court's finding of mental incompetency is not supported by substantial evidence. In particular, he does not identify the inaccuracies he claims exist other than a minor detail in Dr. Smith-Baumann's report. Thus, this court cannot determine whether those inaccuracies are harmless. Shields is not entitled to relief absent a showing of prejudice. (*F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107–1108.)

## DISPOSITION

The order finding Shields incompetent to stand trial and committing him to the DSH is affirmed.

TUCHER, P.J.


WE CONCUR:

PETROU, J.
RODRÍGUEZ, J.

*People v. Shields* (A162663)